108 F.3d 1386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Reynaldo Machado TREMINIO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70046.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1997.*
Decided March 11, 1997.
 
 Before: REINHARDT, HALL, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner seeks review of a final order of the Board of Immigration Appeals ("BIA") upholding the Immigration Judge's ("IJ's") denial of asylum and withholding of deportation. We have jurisdiction, 8 U.S.C. § 1105(a), and we AFFIRM.
 
 
 3
 To qualify for asylum under 8 U.S.C. § 1158, an applicant must show that he cannot return to his country of origin because of persecution or a well-founded fear of persecution based on his race, religion, nationality, political opinion, or membership in a particular social group. 8 U.S.C. §§ 1158, 1101(a)(42)(A). To reverse a BIA decision denying asylum, an applicant must "establish that the record ... compels the conclusion that he has a 'well founded fear' " that he will be persecuted because of one of the five factors, and he must provide some evidence of his persecutor's motives. INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992) (emphasis added). To obtain reversal, Machado must show that the evidence he presented was "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Id. at 483-84. Machado has not made such a showing.
 
 
 4
 Machado alleges no specific instances of past persecution, and he testified that he came to the United States to buy agricultural equipment, not to escape persecution. He has not shown actual past persecution, and therefore cannot rely on a presumption of future persecution. See 8 C.F.R. § 208.12(b).
 
 
 5
 A showing of a well founded fear of persecution consists of a subjective showing that the alien's fear is genuine, and an objective showing by "credible, direct and specific evidence ... of facts that would support a reasonable fear that the petitioner faces persecution." Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (emphasis in original) (citation omitted).
 
 
 6
 Even if Machado satisfied the subjective component, he does not satisfy the objective component of the requirement. Machado admits that the threatening letters from the Sandinistas do not mention him by name, but rather refer to a generalized group of people. He claims that he fears returning to Nicaragua because his sister, who lives in the United States and visited Nicaragua, related that the conditions there are bad. His fear of persecution based on this generalized threat is insufficient to meet the standard of a well founded fear of persecution. See, e.g., Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992) (citations omitted). This is especially true given the subsequent changes in the Nicaraguan government since Machado left Nicaragua, including the Liberal Alliance party's defeat of Sandinista leader Daniel Ortega in the October, 1996 election. Machado cannot point to one instance of particularized threat against himself or any family member in Nicaragua. Finally, it seems that Machado's request is made in part because of his fear of serving in the military; again, this is insufficient to support a claim for asylum. See Abedini v. INS, 971 F.2d at 191 (citations omitted).
 
 
 7
 The evidence did not mandate a finding of the requisite fear of persecution; the BIA's decision is supported by sufficient evidence and must be upheld. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).
 
 
 8
 To qualify for withholding of deportation, the applicant must show that it is more likely than not that his life or freedom will be threatened on the basis of race, religion, nationality, political opinion, or membership in a particular social group. INS v. Stevic, 467 U.S. 407, 429-30 (1984). Given that Machado does not qualify for asylum, he also does not meet the more stringent showing required for withholding of deportation.
 
 
 9
 Accordingly, the BIA's decision denying appellant's claims for both asylum and withholding of deportation is AFFIRMED.
 
 
 10
 REINHARDT, Circuit Judge, concurs in the result only.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3